IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    CASE NO. 15-05938 (ESL)

JELITZA AMAEZ ORTIZ                       CHAPTER 13

    Debtor

OPINION AND ORDER

This case is before the court upon the *Debtor's Response to the Court's Order to Show Cause* (Docket No. 79), the Chapter 13 Trustee's *Position as to Debtor's Response to Order to Show Cause In Compliance with Court Order* (Docket No. 86), and the Debtor's *Opposition to Trustee's Motion to Dismiss and/or Transfer of Venue Pursuant to FRBP 1014* (Docket No. 93). The court, having reviewed the documents filed, having heard oral arguments from the parties, and the court being otherwise fully advised, for the reason set-forth below finds that venue is proper for administration of the instant bankruptcy case in the United States Bankruptcy Court for the District of Puerto Rico.

Procedural Background

On August 3, 2015, the Debtor filed a voluntary petition in the bankruptcy court for the District of Puerto Rico under the provisions of chapter 13 of the Bankruptcy Code. (Docket No. 1). The Debtor's schedules disclosed that on the date of filing of the voluntary petition the Debtor owned real and personal property located in both the District of Puerto Rico as well as in the State of Florida (*Schedule A* and *Schedule B*, Docket No. 1). The Debtor's schedules also disclosed that on the date of filling of the voluntary petition the Debtor resided in the State of Florida and was employed in the State of Florida (*Schedule A*, Docket No. 1). On July 27, 2016, during a hearing on confirmation of Debtor's amended Chapter 13 plan, the court, *sua sponte*,

entered an *Order to Show Cause* for the Debtor to show cause as to why the instant proceeding should not be dismissed, without prejudice, for having been filed in a district not being the proper venue under 28 USC § 1408. (Docket No. 73).

The Debtor grounds her response to the court's *Order to Show Cause* on three arguments. First, the Debtor cites the First Circuit Bankruptcy Appellate Panel opinion in the case of In re Handel, 253 B.R. 308, 310 (B.A.P. 1st Cir. 2000), for the proposition that there is a strong presumption that the district selected by the Debtor is the proper venue and the party opposing such selection carries the burden of proof by the preponderance of the evidence. (Docket No. 93, pg. 3). The Debtor concludes, based on the facts of this case, that the Trustee has failed to establish by a preponderance of the evidence that the District of Puerto Rico is not the proper venue for the prosecution of the Debtor's Chapter 13 bankruptcy case. Id. Second, the Debtor relies on the case of In the Matter of Mid Atlantic Retail Group, Inc., 2008 WL 612287 (Bankr. M.D.N.C. 2008) for the assertion that a debtor may have more than one appropriate venue based upon more than one principal asset. (Docket No. 93, pg. 3). The Debtor argues that because one of the Debtor's two real properties is located in the District of Puerto Rico, the Debtor owns "principal assets" in Puerto Rico which lay proper venue in this District. (Docket No. 93, pg. 4-5). Proper venue in the District of Puerto Rico is not-exclusive to "principal assets" being located and proper venue also existing in the State of Florida (Docket No. 93, pg. 1). The Debtor's third argument is that because the Chapter 13 Trustee's position, which concluded that the Debtor's Chapter 13 case should be dismissed or transferred pursuant to FRBP 1014, is untimely because it was filed more than 420 days after the filing of the Debtor's voluntary petition.

In response, the Chapter 13 Trustee concludes that "the District of Puerto Rico is not the proper venue for the administration of the case" and requests that "the case should be dismissed,

-2-

or transferred pursuant to the dispositions of Rule 1014(a)(2)." (Docket No. 86, pg. 12, ¶ 30). The Trustee premises his position on the argument that "only one district would have the location of debtor's "principal assets," and therefore only one choice option for venue." (Docket No. 86, pg. 6, ¶ 15). For three reasons the Trustee argues that the District of Puerto Rico is not the "one district" where the Debtor's 'principal assets' are located. First, the Trustee argues that because the real property located in the District of Puerto Rico is allegedly not a "primary asset" of the Debtor; the Puerto Rico real property cannot be classified as a "principal asset" of the Debtor for venue purposes. (Docket No. 86, pg. 7, ¶ 16). Second, the Trustee alleges that because 53% of the Debtor's assets are located in the state of Florida, as opposed to only 46% of the assets being located in the District of Puerto Rico, the assets located in Puerto Rico cannot to be considered the Debtor's "principal assets" under Section 1408. (Docket No. 86, pg. 10, ¶ 25). The Trustee's third argument is that because the Debtor has indicated an intent to surrender the real property located in Puerto Rico, the Puerto Rico real property cannot be determined to be a "principal asset." (Docket No. 86, pg. 9, ¶ 23).

The parties thoroughly discussed their positions at a January 10, 2017 hearing. (*Minutes*, Docket No. 95 and *Audio File*, Docket No. 96).The issue before the court is whether, on the facts of this case, venue is proper for the instant case in the District of Puerto Rico. After considering the position of the parties, the court concludes that venue is proper in the Bankruptcy Court for the District of Puerto Rico for the administration of the instant bankruptcy case.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

Applicable Law and Analysis

Venue in the filing of a bankruptcy case is controlled by the provisions of 28 U.S.C. § 1408. Section 1408 provides that "a case under title 11 may be commenced in the district court for the district—

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or …"

The four tests of venue, "domicile, residence, principal place of business in the United States, and principal assets in the United States, are given in the alternative. Any of the four is jurisdictionally sufficient." In re Gurley, 215 B.R. 703, 707-708 (Bankr. W.D. Tenn. 1997). The First Circuit BAP has declared that "[t]here is a presumption that the district where the bankruptcy petition is filed is the appropriate district for venue purposes … and the burden is on the party disputing venue to establish that position by a preponderance of the evidence." See In re Handel, 253 B.R. 308, 310 (B.A.P. 1st Cir. 2000); see also, In re Honeycutt, 2012 WL 6681833, *2 (Bankr. E.D. N.C. 2012); see also, In re Acor, 510 B.R. 588, 592 (Bankr. W.D. Tenn. 2014) ("Venue is presumed to be proper in the district where a bankruptcy case is filed, and the burden of proving otherwise is on the party who has moved to transfer or dismiss the case."). "The venue statute does not require that only *the* principal asset may support venue; rather, venue may be proper in a district where principal assets are located. Thus, a debtor may have more than one appropriate venue based upon more than one principal asset." See In re Mid

-4-

Atl. Retail Grp., Inc., No. 07-81745, 2008 WL 612287, at *3 (Bankr. M.D.N.C. Jan. 4, 2008), citing, In re Ross, 312 B.R. 879, 889 (Bankr.W. D. Tenn.2004).  "[T]he court determines proper venue by reference to facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets." In re Handel, 253 B.R. 308 at 310, citing, In Micci v. Bank of New Haven, 188 B.R. 697, 699 (S.D.Fla.1995).

In the instant case, venue is appropriate in the District of Puerto Rico.  The court agrees with the reasoning that "[a] debtor may have more than one appropriate venue based upon more than one principal asset."  See In re Mid Atl. Retail Grp., Inc., No. 07-81745, 2008 WL 612287, at *3 (Bankr. M.D.N.C. Jan. 4, 2008). Therefore, in cases where the Debtor has assets in multiple districts the inquiry for the court is to determine whether 'principal assets' are located in the district selected by the Debtor.  Moreover, the assets to be considered are those assets owned by the Debtor during the 180 days prior to the commencement of the case. In this case, the Chapter 13 Trustee does not contest that the Debtor owned real property, bank accounts, accounts receivables, and an IRA account all located in District of Puerto Rico during the 180 days prior to the commencement of the case[1]. Therefore, the court finds that these assets, collectively, constitute "principal assets" of the Debtor which justify venue in the District of Puerto Rico.

The Trustee's arguments fail to overcome the presumption that the venue selected by the Debtor, the District Court of Puerto Rico, is an inappropriate district for venue purposes. The Trustee invites the court to focus the inquiry only on the Debtor's "primary asset."  The Trustee argues that the Debtor's "primary asset" is the real property located in the State of Florida; not the assets located in the District of Puerto Rico.  The "primary asset," however, is not the term

---

[1] As the Chapter 13 Trustee acknowledges, these assets amount to approximately 46% of the Debtor's estate, while the assets in Florida amount to 53%. (Docket No. 53, p. 86).

-5-

used by the venue statue.  Rather, the statutory text of 28 U.S.C. § 1408 confirms that the court should focus the inquiry on the "principal assets" owned by the Debtor.  <u>See</u> 28 U.S.C. § 1408. Additionally, the court disagrees with the Trustee's argument that "only one district would have the location of the debtor's "principal assets." (Docket No. 86, pg. 6, ¶ 15).  As recognized by the court in the <u>Mid Atl. Retail Grp., Inc.</u>, *supra*, case "[a] debtor may have more than one appropriate venue based upon more than one principal asset."  <u>See</u> <u>In re Mid Atl. Retail Grp., Inc.</u>, No. 07-81745, 2008 WL 612287, at *3 (Bankr. M.D.N.C. Jan. 4, 2008).  The court also disagrees with the allegation that the real property located in the District of Puerto Rico, because the Debtor allegedly intends to surrender the same, should not be considered a "principal asset" in the venue inquiry.  In determining which assets are to be considered for venue purposes, the court's focus is on the assets owned by the debtor during the 180 prior to the commencement of the case.  In this case, the Trustee concedes that the Debtor owned the real property located in the District of Puerto Rico, as well as other personal property, during the 180 days prior to the commencement of the case.  Accordingly, the court will consider the Puerto Rico real property, irrespective of the Debtor's alleged intent to surrender the same, in determining whether principal assets of the Debtor were located in the District of Puerto Rico.

Accordingly, this court finds that that the Bankruptcy Court for the District of Puerto Rico is the proper venue for the administration of the instant Chapter 13 case.  Thus, the Chapter 13 Trustee's request for the instant case to be dismissed or transferred pursuant to FRBP 1014(a)(2) is hereby denied.

Conclusion

For the reasons stated herein, the court finds that venue in the District of Puerto Rico is proper and the Chapter 13 Trustee's request for the instant case to be dismissed or transferred pursuant to FRBP 1014(a)(2) (Docket No. 86) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of February, 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge